UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JERED IRON SHELL,<br><br>                Petitioner,<br><br>    vs.<br><br>BRENT FLUKE, WARDEN, MIKE DURFEE STATE PRISON; and ATTORNEY GENERAL OF SOUTH DAKOTA, and LINCOLN COUNTY,<br><br>                Respondents. | 5:21-CV-05050-KES<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>DOCKET NO. 10 |

**INTRODUCTION**

Petitioner, Jered Iron Shell, an inmate in the Mike Durfee State Penitentiary, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pending matter was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Court Judge. Pending before this court is Mr. Iron Shell's motion to appoint legal counsel to assist in his pursuit of federal habeas corpus relief. Docket No. 10.

It is well settled that "[a] habeas corpus proceeding is civil in nature, and 'the Sixth Amendment right to counsel afforded for criminal proceedings does not apply.' " Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citing Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993)). Because Mr. Iron Shell has no constitutional right to appointment of counsel in his habeas proceeding (see Phelps v. United States, 15 F.3d 735, 737 (8th Cir. 1994)), the district court

has discretion to determine whether to appoint counsel. <u>Sullivan v. Lockhart</u>, 958 F.2d 823, 826 (8th Cir. 1992) (citing <u>Ferguson</u>, 905 F.2d at 213-214). Refusal by the court to appoint counsel to assist petitioner in presenting a federal habeas corpus petition does not violate petitioner's constitutional rights. <u>Hull v. Swenson</u>, 431 F.2d 1194, 1195 (8th Cir. 1970). A district court <u>must</u> appoint counsel to represent petitioner in any evidentiary hearings deemed necessary by the court. <u>Abdullah v. Norris</u>, 18 F.3d 571, 573 (8th Cir. 1994) (citing Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. § 2254). An evidentiary hearing is not necessary when "the issues involved can be properly resolved on the basis of the state court record." <u>Smith v. Groose</u>, 998 F.2d 1439, 1442 (8th Cir. 1993) (citing <u>McCann v. Armontrout</u>, 973 F.2d 655, 661 (8th Cir. 1992)).

When it is discretionary, a court may, "in the interests of justice," appoint representation to any financially eligible person who is seeking relief under 28 U.S.C. § 2254. 18 U.S.C. § 3006A(a)(2)(B). The Eighth Circuit has set forth the following standard with regard to discretionary appointments of counsel for *pro se* habeas petitioners:

> When exercising its discretion, a district court should first determine whether a pro se habeas petitioner has presented a nonfrivolous claim. If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel. If the petitioner has presented a nonfrivolous claim, the district court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that "the interests of justice so require" it. To determine whether

> appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present [articulate] his claim, and any other relevant factors.

Abdullah, 18 F.3d at 573 (internal citations omitted); see also McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990).

Based on this court's initial screening of Mr. Iron Shell's case (as reflected in the order to show cause filed this same date), it appears Mr. Iron Shell's federal petition is time-barred. As such, the only matters Mr. Iron Shell needs to explain at present are the dates upon which events in his underlying state proceedings took place and why he waited so long to file his state habeas petition. Those are matters Mr. Iron Shell can address without the aid of counsel. Accordingly, it is

ORDERED that Mr. Iron Shell's motion for appointment of counsel [Docket No. 10] is denied without prejudice.

DATED April 20, 2022.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge

3